UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BARRETT JORDAN                                                PLAINTIFF

V.                          No. 4:20-CV-01407-LPR-JTR

DOES                                                                 DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On November 30, 2020, Plaintiff Bradley Barrett Jordan ("Jordan") filed a Motion for Leave to Proceed *In Forma Pauperis* (*Doc. 1*) and this *pro se* § 1983 action (*Doc. 2*), alleging his constitutional rights were violated while he was a pretrial detainee in the Pope County Detention Center ("PCDC"). On December 3, 2020, the Court entered an Initial Order for *Pro Se* Prisoners, informing Jordan that

there are rules and procedures that he must follow in order to proceed with his lawsuit, even though he was proceeding without a lawyer. *Doc. 3*. This Order also denied Jordan's *in forma pauperis* ("IFP") application because it was incomplete, *i.e.* it did not include a certified record of his jail trust account; and it was not signed by an authorized jail official. *Id*.

The Court directed the Clerk to send Jordan another IFP application, along with a copy of the December 3, 2020 Order, and instructed Jordan that he must: (1) complete and sign the new IFP application; (2) have an authorized jail/prison official complete and sign the certificate of prisoner accounts and calculation sheet; and (3) return all forms to the Clerk on or before January 4, 2021. *Id.* Jordan was cautioned that failure to comply with the Court's order within that time would subject his case to dismissal, without prejudice. *Id.*[1]

The Clerk mailed Jordan a new IFP Application and a copy of the December 3, 2020 Order that same day.[2] As of the date of this Recommendation, Jordan has

---

[1] On December 3, 2020, the Court advised Jordan of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3.* The Local Rule provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] This mailing was not returned to the Clerk as "undeliverable."

not complied with the Court's December 3, 2020 Order, and the time for doing so has long since expired. Jordan has not had any communication with the Court since he filed this action on November 30, 2020. *Doc. 2*.

Pursuant to Local Rule 5.5.(c)(2), this case should be dismissed, without prejudice, based on Jordan's failure to prosecute.

## II.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 29th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE